UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EMILIO FUSCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 05-10953-JLT |
| ) | |
| FEDERAL BUREAU OF PRISONS; ) | |
| HARLEY LAPPIN, in his official ) | |
| capacity as Director of the ) | |
| Federal Bureau of Prisons; T.S. ) | |
| CRAIG, Warden, FCI RAYBROOK; ) | |
| Respondents ) | |

MEMORANDUM AND ORDER

For the reasons set forth below, this action will be dismissed without prejudice.

BACKGROUND

On May 9, 2005, Petitioner Emilio Fusco, currently a prisoner at FCI Raybrook, in Ray Brook, New York, filed a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241.[1] Petitioner also sought mandamus and injunctive relief pursuant to 28 U.S.C. §§ 1361, 1651, and 2201.[2] Petitioner also asserted his claims as a Motion to Vacate, Set Aside, or Correct

---

[1] Because the face of the pleading references an action under § 2241, the petition was randomly assigned by the Clerk's Office as a § 2241 petition rather than a motion under § 2255. Pursuant to court procedures, a § 2255 motion would have been directly assigned to Judge Ponsor as the district judge who imposed sentence.

[2] Section 1361 states that "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the Plaintiff." 28 U.S.C. § 1361.  Section 1651 authorizes all courts established by Act of Congress to issue all writs necessary or appropriate in aid of jurisdiction.  28 U.S.C. § 1651. Section 2201 provides that in the case of an actual controversy, "any court of the United States ...may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be

the Sentence pursuant to 28 U.S.C. § 2255.

Petitioner seeks injunctive relief to compel the Respondents to "immediately make a determination as to his eligibility for pre-release designation to a Community Correctional Center ("CCC"), pursuant to the BOP's pre-December 2002 rules, regulations, policies, practices, procedures and criteria." (Memorandum of Law in Support of [Petitioner's] Motion for Injunctive Relief, page 1).[3] On December 20, 2002, a Bureau of Prisons ("BOP") Memorandum advised of a revision in its prior policy and practice, which limited the pre-release designation to a CCC to only the last 10% of an inmate's prison term, not to exceed six months. Prior to that time, inmates were eligible to serve their last six months of their sentence in a CCC.

Petitioner argues that the new rule violates the Administrative Procedures Act, and the Ex Post Facto clause of the United States Constitution. Petitioner further argues that, although he is not challenging his initial designation, the sentencing Court is the appropriate forum to order the requested relief, because he is challenging the BOP's new policy which, he asserts, permits the BOP to refuse to consider Petitioner's eligibility to serve the last six months of his sentence at a CCC. Petitioner asserts irreparable harm to himself and his family if injunctive relief is not granted.

In the alternative, Petitioner asserts his petition under § 2241, and contends that, although he did not exhaust his administrative remedies, such attempts would be futile and therefore not required.

---

reviewable as such." 28 U.S.C. § 2201.

[3] Petitioner is currently serving a 33 month sentence imposed on September 19, 2003 by Judge Ponsor in United States v. Fusco, et al., CR 3:00-30036-MAP.

Petitioner failed to pay any filing fee, nor did he file an Application to Proceed *in forma pauperis* along with his prisoner account statement, as required for § 2241 petitions.[4]

DISCUSSION

I.  Subject Matter Jurisdiction: § 2241 habeas petitions versus § 2255 motion to vacate

As a threshold matter, before any determination on the merits of Petitioner's challenge to the BOP rule change[5], it is incumbent upon the Court to address the issue whether Petitioner's claims must be raised pursuant to a § 2241 habeas petition,[6] or as a motion to vacate, set aside, or

---

[4] The categorization of this action makes a difference with respect to the filing fee issue. There is a $5.00 fee levied on habeas petitions filed under 28 U.S.C. § 2241, however, there is no filing fee with respect to motions filed pursuant to 28 U.S.C. § 2255. The filing fee requirement is not a jurisdictional prerequisite. Monahan v. Winn, 276 F. Supp. 2d 196, 201 n.2 (D. Mass. 2003) (Gertner, J.) citing Casanova v. Dubois, 304 F.3d 75, 80 (1st Cir. 2002). In view of the dismissal of this action for the reasons stated herein, the Court need not resolve the filing fee issues, since the matter is now moot.

[5] The Court notes that many challenges to this policy have been brought in this Court, and throughout the country, and have found the BOP's rule revision to be legally invalid for a variety of reasons. Monahan, 276 F. Supp. 2d at 199, citing Iacoboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003)(Ponsor, J.); United States v. Serpa, 251 F. Supp. 2d 988 (D. Mass. 2003)(Young, C.J.); Mallory v. United States, 2003 WL 156374 (D. Mass. 2003)(Woodlock, J.) (other citations omitted). This District has found that retroactive application of the BOP policy is violative of the Due Process and Ex Post Facto Clauses, as well as the Administrative Procedure Act, and injunctive relief may be appropriate under certain circumstances. See Monahan, 276 F. Supp. 2d at 205-222. cf. Kennedy v. Winn, 2003 WL 23150108 (D. Mass. 2003) (NO. 03-CV-10568-MEL)(§ 2241 petition based on 18 U.S.C. §3264(c); distinguishing Iacoboni which was based on §§ 3621(b) and 3625).) . Other courts have held differently. See, e.g., Cohn v. Federal Bureau of Prisons, 302 F. Supp. 2d 267 (S.D.N.Y., Feb. 10, 2004)(finding § 2241 was proper vehicle to challenge BOP's policy, and finding it did not violate ex post facto clause) citing Adler v. Menifee, 293 F. Supp. 2d 363 (S.D. N.Y. 2003) (other citations omitted)..

[6] Section 2241 provides, in relevant part, as follows:

**(a)** Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions....

\*\*\*

3

correct sentence pursuant to § 2255, or, whether such a challenge may be brought under <u>both</u> provisions or by some other avenue.[7] Such determination bears not only on whether a filing fee

---

**(c)** The writ of habeas corpus shall not extend to a prisoner unless--

> **(1)** He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> **(2)** He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> **(3)** He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> \*\*\*

[7] Section 2255 provides, in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.
>
> \*\*\*
>
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> \*\*\*

is imposed, but also on the question whether this Court has jurisdiction to review the Petitioner's claims. If the action is deemed to be a § 2241 petition, then this action must be brought in the Northern District of New York, where the petitioner is in custody. Conversely, if the action is deemed to be a § 2255 motion to vacate, set aside, or correct sentence, jurisdiction lies in the District of Massachusetts, where the Petitioner was sentenced.

It is well settled that a § 2241 petition is properly brought in the district court with jurisdiction over the prisoner's custodian; whereas a motion under § 2255 must be brought in the sentencing court. United States v. Barrett, 178 F.3d 34, 50 n. 10 (1st Cir. 1999), cert denied, 528 U.S. 1176 (2000). A writ of habeas corpus under § 2241 must be "directed to the person having custody of the person detained." 28 U.S.C. § 2243; Braden v. 30th Judicial Circuit, 410 U.S. 484, 499-500 (1973); Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000), cert denied, sub nom., Vasquez v. Ashcroft, 122 S. Ct. 43 (2001) (court issuing the writ must have personal jurisdiction over the person who holds the petitioner in custody); accord, Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001).

A petition for writ of habeas corpus under § 2241 generally challenges the manner,

---

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

**(1)** newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

**(2)** a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

location, or conditions of a sentence's execution. Gonzalez, 150 F. Supp. 2d at 240; accord, United States v. Barrett, 178 F.3d at 50 n. 10 (§2241 challenges execution of sentence); Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976)(same). By contrast, a motion to vacate, set aside, or correct a sentence under § 2255 provides the primary means of a collateral attack on a federal sentence. See United States v. DiRusso, 535 F.2d 673, 674-676 (1st Cir. 1976) (§ 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence."); Rogers v. United States, 180 F.3d 349, 357 n. 15 (1st Cir. 1999) cert. denied, 528 U.S. 1126 (2000) (motion under § 2255 is the "exclusive remedy in the sentencing court for any errors occurring at or prior to sentencing, including construction of the sentence itself."). On this reasoning, it appears Petitioner Fusco's challenge to the denial of consideration for pre-release designation to a CCC is an attack not on the sentence which was imposed, but rather, is an attack on the "execution" of the sentence. As such, Petitioner's case could properly characterized as a petition pursuant to 28 U.S.C. § 2241. The inquiry does not end here, however.

This District has had several occasions to address identical claims raised in this case by Petitioner Fusco, with respect to the BOP's policy on release to a CCC.

In Iacoboni v. United States, 251 F. Supp. 2d 1015 (D. Mass. 2003), the seminal case addressing this BOP's policy, Judge Ponsor exhaustively addressed the merits of the challenge to the legal validity of the BOP policy. He also indicated that in this context, a petitioner's challenge to that policy, initially raised as a motion under § 2255, could also be brought pursuant to 28 U.S.C. § 2241. Judge Ponsor noted that substitution of the proper respondents could be made, and further noted that: "... the court assumes that, if necessary to invoke the full remedial

powers of this court, the pleading could be amended to state a claim under 18 [sic] U.S.C. § 2241." Iacoboni, 251 F. Supp. 2d at 1017 n.1. The Court also found that "to the extent that amendment to the petition to add a claim pursuant to [§ 2241] would provide petitioner's [sic] a broader base to obtain relief, then this court construes the petition to contain such a claim." Id. at 1043 n.12. Conversely, the Court addressed the argument that § 2255 did not provide a remedy in this type of challenge, citing United States v. Addonizio, 442 U.S. 178 (1979). The Court found that case distinguishable, and held that § 2255 relief was available. Iacoboni, 251 F. Supp. 2d at 1044.[8]

In a later case, Monahan v. Winn, 276 F. Supp. 2d 196 (D. Mass. 2003), Judge Gertner determined that such a claim may be properly raised in the context of a § 2241 petition. The Court, in holding that the exhaustion requirement of 42 U.S.C. § 1997(e)(a) did not apply to a petitioner's challenge to the BOP's rule change, noted:

> The cases before me do not challenge "prison conditions" as that is commonly understood under § 1983. Rather, they challenge the BOP's rule revision that deprives it of legal discretion to designate certain offenders to community confinement facilities when performing its statutory duty to execute criminal sentences. [FN7] It is well established that challenges to the "manner, location, or conditions of a sentence's execution" are proper subjects of a habeas corpus action under § 2241.... [citations omitted]

Monahan, 276 F. Supp. 2d at 204.

However, Judge Gertner recognized that the determination whether such a challenge to the BOP policy should be brought as a § 2241 petition or a § 2255 motion was unclear, noting

---

[8] Other jurisdictions have held similarly, i.e, that a challenge to the BOP policy may be raised in both the § 2255 and § 2241 contexts. See e.g., Crowley v. Bureau of Prisons, 312 F. Supp. 2d 453, 455-56 (S.D.N.Y. 2004)(where petitioner filed petition pursuant to § 2241, § 2243, and § 2255, "district courts may properly exercise subject matter jurisdiction on the issue...pursuant to one or more of those statutes.") (other citations omitted).

that:

> While it is not entirely clear whether this action is more properly brought under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, the government does not dispute that the court can engage the merits of the community confinement issues under at least one of those two statutes.

Id. at 201.[9]

In Mallory v. United States, 2003 WL 156374 (D. Mass. May 25, 2003), Judge Woodlock took a different approach to a petitioner's challenge of the policy, seeking relief under § 2255. Judge Woodlock found that where petitioner Mallory was sentenced approximately three months prior to the rule change, Petitioner was allowed to withdraw his guilty plea. The Court stated:

> I find [the BOP policy change] fundamentally transformed the landscape a defendant would survey before making a knowing and voluntary choice to enter a plea of guilty. As a consequence, I have concluded that it would be a complete miscarriage of justice to hold an affected defendant to a guilty plea entered before the change was announced on the basis of misinformation of constitutional magnitude.

Id. at 1.

Based on the above discussion, it appears that Petitioner's challenge could be brought as either a § 2241 petition (in the Northern District of New York), a motion under § 2255 in this District, or both. However, this Court need not make a final determination at this juncture, because this Court would not, in any event, have jurisdiction over any § 2255 motion by Petitioner Fusco, because it would constitute a "second or successive" petition.

---

[9]Other jurisdictions have deemed the proper vehicle to raise this type of challenge is through at § 2241 petition. See, e.g., Zucker v. Manifee, 2004 WL 102779, * 3 (S.D.N.Y. Jan. 21, 2004). (citations omitted); United States v. Tkabladze, 2003 WL 22836502 (C.D. Cal. May 16, 2003)(rejecting § 2255 motion and construing as § 2241 petition).

In this case, Petitioner previously filed a § 2255 motion in this Court. Fusco v. United States, C.A. 3:04-30193-MAP. On April 5, 2005, judgment for the Respondents against the Petitioner entered, on the merits of the petition (Docket #11). Thus, any § 2255 motion filed by him would constitute a "second or successive" petition. See Norton v. United States, 119 F. Supp. 2d 43, 44 n.1 (D. Mass. 2000)(a petition is "second or successive" when a previous habeas petition has been decided on the merits); cf. Sustache-Rivera v. United States, 221 F.3d 8, 12-13 (1st Cir. 2000). Before a party can file a "second or successive" § 2255 motion, the motion must be certified by the appropriate Court of Appeals, as provided in section § 2244, to contain (1) newly discovered evidence..., or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable. 28 U.S.C. § 2255. The requirement that a motion to file a second or successive petition be filed in the Court of Appeals is an allocation of subject matter jurisdiction to that court. See United States v. Barrett, 178 F.3d at 41; See also, Libby v. Magnusson, 177 F.3d 43, 46 (1st Cir. 1999)(district court may not consider a second or successive habeas application absent proper authorization from the Court of Appeals). Notwithstanding the possible applicability of § 2255 as a means of relief under these circumstances, there does not appear to be any exception to this "second or successive" requirement which would provide this Court jurisdiction over Petitioner's claims under § 2255.[10]

To the extent that Petitioner Fusco's claims can be deemed to fall within the purview of § 2241, this Court also lacks jurisdiction to review this case, because Petitioner's custodian is located in the Northern District of New York. Therefore, Petitioner must raise any

---

[10] By contrast, a § 2241 petition contains no such limitation on jurisdiction based on previously filed habeas petitions.

§ 2241 petition for writ of habeas corpus in that district.

II.     Mandamus relief

As discussed above, this Court lacks jurisdiction over any claims asserted under § 2255 and under § 2241, and those claims must be dismissed. However, as noted previously, Petitioner also asserts jurisdiction under 28 U.S.C. §§ 1361, 1651 and 2201 and seeks mandamus and injunctive relief. To some extent, these provisions all go hand-in-hand. Under § 1361, this Court would have original jurisdiction to compel an officer or employee of the Bureau of Prisons to perform a duty owed. See,e.g., Zucker, 2004 WL 102779 at *3 (finding jurisdiction existed and argument that petitioner did not have a "clear right" to relief went to the merits of the action, not the ability of the court to hear it).   Under § 1651 the Court may issue all writs necessary in aid of its jurisdiction, and under § 2201 allows the court to make a declaration of the legal rights of a party.

The use of the Court's mandamus power in an analogous case was invoked to provide the Petitioner with immediate relief. In Zucker, the District Court for the Southern District of New York found that "law and justice require that [petitioner] not be subjected to a policy based on an erroneous statutory interpretation" and invoked its power under the All Writs Act, 28 U.S.C. § 1651, to issue a writ in the nature of mandamus, compelling the warden/custodian of the petitioner to act promptly to reconsider the petitioner for placement in a CCC in accordance with the pre-December 2002 BOP policy. The Court further reserved the right to grant a writ of habeas corpus if the warden failed to comply, pursuant to its powers under § 2243 and § 1361. Zucker, 2004 WL 102779 at *11. cf., Colton v. Ashcroft, 299 F. Supp. 2d 681 (E.D. KY 2004) (granting preliminary and injunctive relief based on a traditional Fed. R. Civ. P. 65-type analysis

and citing Byrd v. Moore, 252 F. Supp. 2d 293 (W.D.N.C. 2003) for the proposition that public has interest in this issue).

Notwithstanding the application of mandamus authority by another district in a similar situation, This Circuit has viewed mandamus relief as the exception rather than the norm. Mandamus is "limited to situations in which the party seeking the writ has a clear entitlement to relief, yet is threatened with irreparable harm should that relief be delayed or deferred. United States v. Darryl Green, — F.3d — , 2005 WL 1119791 (1st Cir. (Mass.), May 12, 2005) citing In re Sterling-Suarez, 306 F.3d 1170, 1172 (1st Cir. 2002); In re Cargill, Inc., 66 F.3d 1256, 1260 (1st Cir. 1995)). It is an extraordinary remedy, and the grant of injunctive relief by a court may be invoked as a means "to protect its jurisdiction over an action." Rosello-Gonzalez v. Calderon-Serra, 398 F.3d 1, 14 (1st Cir. 2005). However, for a court to utilize § 1651(a) relief, "there must be at least the possibility that the complaint states a justiciable federal claim." Id. Moreover, in order to warrant mandamus relief, there must be a risk of irreparable harm if such relief were not granted. See, id. at 10. This District Court has also held that mandamus under § 1361 "should not be invoked if other avenues of relief exist..." Kane v. Winn, 319 F. Supp. 2d 162, 213 (D. Mass. 2004) (Young, C.J.) (citing Heckler v. Ringer, 466 U.S. 602, 616 (1984) and 4 Kenneth C. Davis, *Administrative Law Treatise,* §§ 23.7, at 155, § 23.12, at 169 (1983) (discussing the "orthodox" view of mandamus and the broader view found in some Supreme Court cases) and comparing Work v. United States ex rel. Rives, 267 U.S. 175 (1925) (taking broader view of mandamus holding it appropriate to compel federal officers to act within the boundaries of their discretion)) (other citations omitted).

Within these parameters, this Court finds that the invocation of injunctive, mandamus, or

11

declaratory relief to provide the Petitioner the relief sought, is not appropriate here. While the complaint appears to state a justiciable federal claim, this Court is not the appropriate forum for that claim. To hold otherwise would be to allow the Petitioner to circumvent the statutory limits on jurisdiction presented by both the "second or successive" petition requirement (i.e., that permission from the Court of Appeals is required in order to file a successive § 2255 motion), and the requirement that a § 2241 petition be brought in the district court with jurisdiction over the petitioner's custodian. The broader implication here is that the grant of such relief in this form would permit any petitioner the ability to file in whatever district he or she chose to do so, regardless of the habeas rules. The logical conclusion from this is that such action would permit, if not encourage, rampant forum shopping, where a petitioner could file for mandamus relief in the district which appeared to be most sympathetic to his or her claims, while avoiding other districts where the law on this particular issue is divided.

Furthermore, while the Court gives significant weight to the public interest in the benefits of timely placement in a CCC (including rehabilitation of prisoners, the opportunity for prisoners to obtain employment, as well as the public interest in protecting individuals from constitutional violations, see, e.g., Colton, 299 F. Supp. 2d at 692; Byrd, 252 F. Supp. 2d at 306), injunctive, mandamus, or declaratory relief from this Court is not warranted in this case, because the Petitioner has alternative avenues under which he may obtain the relief sought. He may pursue a § 2241 in the district of incarceration, or he may seek permission from the Court of Appeals to pursue his § 2255 motion in this Court. Moreover, the Petitioner appears to have ample time to seek such relief without incurring any undue prejudice. Accordingly, this case does not present the kind of extraordinary circumstances justifying mandamus or other relief. It also does not

present the kind of situation where manifest injustice would occur unless the Court granted such relief. Because the Petitioner may elect to proceed either by a § 2241 petition in another district, or by a petition seeking authorization from the First Circuit Court of Appeals to file a second § 2255 motion, dismissal of the claims, rather than transfer, is the proper course of action here.

## CONCLUSION

In light of the foregoing, Petitioner's habeas petition under § 2241 and motion under § 2255 and request for relief pursuant to 28 U.S.C. §§ 1651, 2201, and 1361 is denied, and this action shall be dismissed in its entirety.

SO ORDERED.

DATED: May 20, 2005

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE